AB:ALK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DIMITRIUS EDWARDS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

Case No. 20-MJ-185

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

       MICHAEL MCCARTHY, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

       On or about February 16, 2020, within the Eastern District of New York, the defendant DIMITRIUS EDWARDS, knowing that he had been previously convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a loaded .380 Bersa Thunder pistol.

       (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record and body camera footage; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about February 16, 2020, at approximately 5:00 p.m., NYPD Officer-1 and Officer-2[2] were conducting Anti-Crime patrol in the 79th Precinct. Officer-1 and Officer-2 were in uniform in an unmarked police vehicle. Officer-2 was driving the police vehicle and Officer-1 was in the front passenger seat.

3. Officer-1 noticed a blue minivan with a license plate that appeared to be fraudulent. Officer-2 followed the minivan, which made a left turn and began to pull over. As the minivan was pulling over, Officer-2 turned on the police vehicle's lights.

4. Almost simultaneously, both Officer-1 and Officer-2 observed the defendant, DIMITRIUS EDWARDS, who was seated in the front passenger seat of the

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1, Officer-2, and Officer-3 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1, Officer-2, and Officer-3 about the events set forth herein.

minivan, reach below his seat. Based on his movements, the defendant appeared to Officer-1 and Officer-2 to retrieve something from under the seat and hide it somewhere on his person. Officer-1 and Officer-2 then saw the defendant begin to open the front door of the minivan. The defendant then exited the minivan and ran. Officer-1 pursued the defendant while Officer-2 remained with the minivan and two additional passengers.

5. As Officer-1 was pursuing the defendant, Officer-1 observed the defendant remove his jacket and throw it on the ground. The defendant continued running, and made a left turn. After turning the corner, the defendant stopped running and began walking down the sidewalk. Officer-1 then apprehended the defendant.

6. Officer-1 radioed that the defendant had dropped his jacket on Lexington Avenue. A third officer, Officer-3, reported to the area in which Officer-1 had stated that the defendant dropped the jacket. Officer-3 located the jacket on the sidewalk and patted the outside of the jacket. After patting an object that felt like a gun inside a jacket pocket, Officer-3 peeled open the pocket and saw the gun.

7. Officer-3 collected the jacket, with the gun still inside the pocket, and brought it back to the precinct.

8. A loaded .380 Bersa Thunder pistol bearing the serial number G61729 was recovered from the jacket.

9. I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the recovered firearm was manufactured outside the state of New York.

10. I have reviewed EDWARDS' criminal history, which revealed that on or about October 19, 2011, EDWARDS was convicted, after a guilty plea, of Attempted

Robbery in the Second Degree, in violation of New York Penal Law § 160.10, a Class D felony. On November 2, 2011 EDWARDS was sentenced to five years' imprisonment. Additionally, on March 10, 2005, EDWARDS was convicted, after a guilty plea, of Robbery in the Third Degree, a Class D felony. On June 23, 2005, EDWARDS was sentenced to two years' to six years' imprisonment.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant DIMITRIUS EDWARDS so that he may be dealt with according to law.

MICHAEL MCCARTHY
Detective
New York City Police Department

Sworn to before me this
21st day of February, 2020

s/Scanlon

THE HONORA
UNITED STAT
EASTERN DIS